IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

KEITH DEMENT,

      Plaintiff,

v.                                            CIVIL ACTION NO.   5:13-cv-08899

SUMMERS COUNTY COURTHOUSE, et al.,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Plaintiff's *Complaint* (Document 1) and amendments thereto (Documents 3, 5, 6, & 7), the *Proposed Findings and Recommendation (PF&R)* (Document 9), and Plaintiff's *Objections* (Document 11).  By *Standing Order* (Document 2) filed on April 24, 2013, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

On August 29, 2014, the Magistrate Judge submitted his PF&R, wherein he recommended that this Court dismiss the Plaintiff's complaint.   Following careful consideration, the Court finds that the Magistrate Judge's PF&R should be adopted and the Plaintiff's objections should be overruled.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

The Magistrate Judge sets forth the factual allegations and procedural history in detail. The Court now incorporates by reference those facts and procedural history.  To provide context for the ruling herein, the Court provides the following summary.

The Plaintiff is an inmate at Southern Regional Jail in Beaver, Raleigh County, West Virginia.  He names the following defendants in his amended complaint:  Summers County Courthouse/Judicial System; Amy Mann, Summers County Prosecuting Attorney; Kristin R. Cook, Summers County Assistant Prosecuting Attorney; Summers County Sheriff's Department; Maria Madrieaga,[1] REACHH; Peter Sherman, attorney for Legal Aid; Southern Regional Jail; and Christina Marie Berry.  (PF&R at 1.)  The Plaintiff's first Complaint (Document 1) was filed on April 24, 2013, while his criminal prosecution in state court was ongoing.  He filed periodic updates thereafter, concluding with a *Motion to Amend* (Document 7) filed on March 25, 2014. He asserts an array of grievances related to his arrest, prosecution, conviction (via plea bargain), and treatment while incarcerated.

The Plaintiff was charged with crimes related to sexually assaulting Christina's Berry's daughter.  The allegations arose during family court proceedings.  Maria Madrieaga allegedly testified in family court, concluding that the victim had been abused by Plaintiff.  He contends that the family court judge disregarded evidence in his favor and erroneously concluded that he abused the victim.  In addition, he asserts that the family court judge and Peter Sherman, a Legal Aid attorney, improperly allowed the name of a minor child to be publicly disclosed.

The Plaintiff claims that his arrest was in violation of the United States Constitution because there was insufficient evidence.  He further alleges that Prosecutor Amy Mann had a

---
1 The Court notes that the Plaintiff used multiple spellings for the name Madrieaga.

conflict of interest and should have recused herself. He asserts that his attorney did not follow his instructions and forced him into a guilty plea. In addition, he states that he was attacked by six inmates at the Southern Regional Jail, and alleges the attack was arranged by Ms. Berry with correctional officers related to her daughter's father. Plaintiff asserts that his reputation has suffered because of the Defendants' actions. He believes that "Summers County is trying to conspire against" him. (Compl. at 3, Document 1.) He asks that all charges be dismissed and seeks $250,000 in damages from each Defendant.

The Magistrate Judge recommended that this Court dismiss the Plaintiff's Complaints pursuant to 28 U.S.C. § 1915A. The Plaintiff filed timely objections.

## II. STANDARD OF REVIEW

28 U.S.C. § 1915A provides for screening of any complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Before permitting the case to move forward or requiring a response from the defendants, "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b). The Magistrate Judge recommends, based on his screening of the case, that the Plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted as to any Defendant.

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Plaintiffs are acting *pro se*, and their pleadings will be accorded liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

### III.    DISCUSSION

The Magistrate Judge explained that none of Plaintiff's claims are cognizable in federal court. The Summers County Courthouse/Judicial System and the Southern Regional Jail "are not 'persons' as required by [42 U.S.C.] Section 1983," and so claims against them must be dismissed. (PF&R at 5.) Challenges to the validity of his state court conviction based on alleged constitutional violations "fail[] to state a cognizable claim under Section 1983 pursuant to Heck v. Humphrey, 512 U.S. 477 […](1994)." (*Id.* at 6) (quoting the Supreme Court's holding that plaintiffs may only pursue § 1983 claims related to unconstitutional conviction or imprisonment if the conviction or imprisonment has been reversed, expunged, declared invalid, or subject to a federal court's issuance of a writ of habeas corpus.) The Magistrate Judge further found that Plaintiff's claim against the Summers County Sherriff's Department for arresting him with insufficient evidence must be dismissed because he was indicted by a grand jury. (*Id.* at 6–7.)

4

Dismissal is recommended as to Defendants Sherman, Rodgers, Berry, and Madrieaga because they are not state actors.[2]

In addition, the Magistrate Judge found that the Plaintiff "is essentially asking this Court to review and reject the findings of the Family Court of Summers County." (PF&R at 9.) He explained that "the *Rooker-Feldman* Doctrine precludes Plaintiff's indirect attempt to appeal a State Court decision to this Court." (*Id*. at 10) (citing *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997.) In addition, he found that judicial immunity barred the Plaintiff's claims against both the Summers County family court judge and the judge who heard the criminal case against him. (*Id.*) He concluded that Prosecutor Mann, and Assistant Prosecutor Kristen Cook, are entitled to absolute prosecutorial immunity for their actions in prosecuting him. (*Id.* at 11–15.) The Magistrate Judge further found that "Plaintiff's conclusory allegations of a conspiracy do not establish a constitutional violation," citing his failure to allege "any facts to establish that the [] Defendants formed an agreement…" (*Id.* at 15.) Finally, the Magistrate Judge found that Plaintiff's claims regarding harm to his reputation, construed as allegations of defamation, are not cognizable in a Section 1983 suit because they arise only under state law.

The Plaintiff filed objections, but failed to challenge any of Judge VanDervort's legal findings. Instead, he reiterated his claims, supplemented with additional details. He also included reference to ethical rules that he asserts the attorneys and judges violated. Finally, he claims that the plea he entered was improper because the crime to which he pled was not a lesser included offense of the charged crime. None of the Plaintiff's objections point to misapplication of, or an exception to, the legal rules barring this action, as cited by the Magistrate Judge. In

---

2 Though Ms. Madrieaga's professional position is unclear, Magistrate Judge VanDervort included a footnote clarifying that as a witness testifying in a court proceeding, she is entitled to absolute immunity even if she were a state actor.

essence, the Magistrate Judge found that this Court could not reach the merits of Plaintiff's allegations because the matter is not properly before this Court. The Plaintiff, however, responded that his allegations are meritorious.

Absent objections directing the Court to some specific error by the Magistrate Judge, de novo review is not required. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). The Magistrate Judge properly found that (i) only "persons" could be sued pursuant to 42 U.S.C. 1983; (ii) that attorneys, even if court appointed, are not "state actors;" and (iii) that judges and prosecutors enjoy absolute immunity for the claims alleged here. He also properly explained that federal courts cannot act as appellate courts with respect to state court decisions. While the Plaintiff is correct that he, like all criminal defendants, enjoys the protections afforded by the United States Constitution, those rights must be vindicated through the appropriate proceedings. Accordingly, the Court finds that the Magistrate Judge's PF&R should be adopted, and the Complaints should be dismissed.

## CONCLUSION

For the reasons stated herein, following thorough review and careful consideration, the Court hereby **ADOPTS** the Magistrate Judge's *Proposed Findings and Recommendation* (Document 9) and incorporates them herein. The Court **ORDERS** that the Plaintiff's *Objections* (Document 11) be **OVERRULED** and that the Plaintiff's *Complaints* (Documents 1, 7) be **DISMISSED WITH PREJUDICE**. The Court further **ORDERS** that this matter be **REMOVED** from the Court's docket.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge VanDervort, to counsel of record, and to any unrepresented party.

ENTER: February 3, 2015

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA